SOUTHWESTERN TELEGRAPH AND TELEPHONE COMPANY v. E. K. McCOY.

No. 1982.    Decided May 19, 1909.

**Telephone—Negligence—Call.**

Evidence considered and held to support a finding of negligence by a telephone company in failing to summon plaintiff to receive a message over the telephone of the impending death of plaintiff's son, the sender of the call giving correct information that plaintiff was working for a railway company about its roundhouse and giving the roundhouse telephone number, and the company relying upon getting the call to him by use of that telephone instead of sending out a messenger. (Pp. 477, 478.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Johnson County.

McCoy sued the telephone company and recovered judgment. Defendant appealed, and on affirmance of same obtained writ of error.

*A. P. Wozencraft, Wm. D. Williams* and *W. S. Bramlitt,* for plaintiff in error.—The duties of the company are dependent upon the contract entered into. Telegraph Co. v. Barefoot, 97 Texas, 161. And the addressee, or party called for, is bound by the terms thereof, and by the failure of the sender or party putting in a call to act. Telegraph & Tele. Co. v. Gotcher, 93 Texas, 14; McLeod v. Telephone & Tele. Co., 94 Pac., 568, 15 L. R. A. (N. S.), 810. And such is the rule whether the liability of the company grows out of the contract made solely, or as for a tort, or upon the theory involving both contract and tort, which seems to be the view of the Texas courts.

When the request by a patron is for an office or the phone of a particular person, the company has performed its whole duty when it has made connection with such phone, and it is not responsible for the identity of the person answering or the messages passing between them; but, if it carelessly connects the patron with the wrong phone, and there is no contributory negligence on his part, it may be liable. McLeod v. Tel. & T. Co., 95 Pac., 1009.

When the operator at Ft. Worth rang the local telephone of the timekeeper's office and communicated with that office over the telephone, and plaintiff in error made such proof, it made a prima facie case establishing that the call had been delivered as requested by Hickman. The mere suggestion that there was no proof showing to whom the operator talked, as made by the Court of Civil Appeals, we do not believe finds support in the law. Railway Co. v. Heidenheimer, 82 Texas, 195. See also Case Note to Planter's Cotton Oil Co. v. Telegraph Co. (Ga.), 6 L. R. A. (N. S.), 1180 et seq.

*J. B. Haynes,* for defendant in error.—The evidence shows that the call was put in at the Cleburne office of defendant, with defendant's agent in the said office, for E. K. McCoy, of Fort Worth, Texas, and not in care of the timekeeper or the timekeeper's office of the Frisco Railway at Fort Worth. Klops v. Western U. Tel. Co., 100 Texas, 540.

· Mr. Chief Justice Gaines delivered the opinion of the court.

This was an action to recover damages for mental anguish alleged to have been caused by a failure of the telephone company to deliver a call for E. K. McCoy sent from Cleburne to Ft. Worth, by which McCoy was expected to be notified of the dangerous illness of his child, in time to have taken the evening train at Fort Worth and to have reached Cleburne before the death of the child, which occurred next morning. The jury found a verdict for the plaintiff, which was approved by the Court of Civil Appeals and the judgment affirmed.

We granted the writ of error in this case upon the ground, in

substance, that the telephone company had done all it contracted to do, and was therefore not liable. In this we now think that we were mistaken. Hickman, who, at the request of Mrs. McCoy, put in the call for E. K. McCoy at Fort Worth, testified that he told the long distance operator for the company that McCoy was working at the old roundhouse of the Frisco Railway Company in Fort Worth, and that he would be found there. But he does not say that his call was for that place only. It was a mere direction as to the place where McCoy would likely be found, and was intended simply as an aid to the company in finding him.

McCoy testified that on the day the call was put in, January 20, 1907, he was at work at the Frisco roundhouse, from fifty to one hundred yards from the timekeeper's office; that he worked from seven a. m. till twelve m. and then from 12:30 p. m. until 4 p. m., and that he received no telephone message that day, nor a call for any. That he knew the party in charge of the office and that the party knew him. This testimony was undisputed. It follows that if instead of relying upon the telephone they had sent a message to the old Frisco roundhouse, he would have been found.

It also appeared in evidence that in the afternoon, at Cleburne, Hickman informed the operator there that McCoy would be found at 1614 Main Street, Fort Worth, and was charged by him an extra fee of fifteen cents for sending there. This shows, as we think, that the telephone company did not rely upon the direction calling for the old Frisco roundhouse, but felt obliged to find him elsewhere.

The other assignments of error raise practically the same question and for the reasons stated they are overruled.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*